UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| AUGUSTA SPENCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:06-CV-217 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Plaintiff Augusta Spence, Jr. ("Plaintiff") brought this action on October 6, 2006, seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416, 423, 1382 (Court File No. 3). The Court referred the matter to United States Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding Plaintiff's Motion for Judgment on the Pleadings (Court File No. 16) and Defendant's Motion for Summary Judgment (Court File No. 20). The magistrate judge filed a R&R recommending Plaintiff's motion for judgment on the pleadings be granted, Defendant's motion be denied, the decision of the Commissioner be reversed and remanded, and the action be dismissed (Court File No. 22). Defendant filed objections to the R&R (Court File No. 24), and Plaintiff responded (Court File No. 25).

In accordance with the following analysis, this Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, conclusions of law, and recommendations (Court File No. 22)

pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), and accordingly will **GRANT** Plaintiff's motion for judgment on the pleadings (Court File No. 16), will **DENY** Defendant's motion for summary judgment (Court File No. 20), and **REVERSE** and **REMAND** the Commissioner's decision denying benefits to Plaintiff.

I.      STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, *4 (6th Cir. Feb. 2, 1999).

## II. FACTS AND ADMINISTRATIVE PROCEDURES

The magistrate judge's R&R engaged in an extensive discussion of the administrative proceedings, how disability benefits are determined, and the ALJ's findings. The R&R also discussed the evidence and testimony given at the hearing before the ALJ. Plaintiff did not object to these portions of the R&R. Therefore, the Court will **ACCEPT** and **ADOPT** those portions of the R&R (Court File No. 22, pp. 3-11).

## III. ANALYSIS

Defendant makes two objections to the R&R. First, the magistrate judge found the ALJ failed to follow the appropriate procedure because the ALJ determined Plaintiff's depression was caused by his alcohol use before the ALJ considered whether the depression was a disability (Court File No. 22, pp. 14-19). Defendant alleges this was harmless error because, even if the ALJ had determined the depression was disabling, it would have subsequently determined the alcohol caused the depression (Court File No. 24, pp. 2-3).

Second, Defendant alleges the R&R was in error in requiring the ALJ to consider whether Plaintiff had a severe mental impairment from depression at stage two, because the analysis was already continued past stage two[1] based upon the ALJ's finding that Plaintiff's gout was a disabling

---

[1] "Stage two" is the second step in the analysis of disability claims, as required pursuant to 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii), as follows:

> At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)

3

condition (Court File No. 24, pp. 1-2).

## A. Effects of Alcohol Abuse

A person is not considered disabled when his alcoholism or drug addiction is a material contributing factor to his disabling condition, such that, were the effects of the drug abuse removed, that person would not be disabled. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J);[2] *Brueggemann v. Barnhart*, 348 F.3d 689, 694-95 (8th Cir. 2003). Before considering whether drug abuse is a material contributing factor to the disabling condition, an administrative law judge must determine first whether the claimant is disabled. 20 C.F.R. §§ 404.1535(a), 416.935(a);[3] 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1);[4] *Brueggemann*, 348 F.3d at 694 (The court required the determination of a disability prior to considering whether it was caused by alcoholism, and viewed a failure of the ALJ to cite the relevant statute as a reflection of a failure to follow the appropriate procedure.); *Drapeau v. Massanari*, 255 F.3d 1211, 1214-15 (10th Cir. 2001) ("The ALJ cannot begin to apply § 423(d)(2)(C) properly when. . .he has not yet made a finding of disability."); *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001) (accord); *Williams v. Barnhart*, 338 F. Supp. 2d 849, 862-63 (M.D. Tenn. 2004).

Here, the ALJ determined Plaintiff's depression was caused by his alcohol use without first

---

[2] The statutes read as follows: "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."

[3] These regulations read as follows: "If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability, unless we find that you are eligible for benefits because of your age or blindness."

[4] These regulations read as follows: "The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol."

determining whether the depression was a severe impairment pursuant to 20 C.F.R. § 404.1520(a)(ii) (Court File No. 22, pp. 13-14). As the United States Court of Appeals for the Eighth Circuit has recognized, "[o]nly after the ALJ has made an initial determination 1) that [claimant] is disabled, 2) that drug or alcohol use is a concern, and 3) that substantial evidence on the record shows what limitations would remain in the absence of alcoholism or drug addiction, may he then reach a conclusion on whether [claimant's] substance use disorders are a contributing factor material to the determination of disability." *Brueggemann*, 348 F.3d at 695. The ALJ did not make such an initial determination and the record does not directly reflect a determination of whether Plaintiff's depression caused limitations on his ability to work and, if so, whether those limitations were the result, wholly or in part, of Plaintiff's depression attributable to alcohol abuse. Without the ALJ making a determination as to how, if at all, Plaintiff's depression limited his ability to work, there is no way for this Court to know whether the ALJ properly considered whether the limitations on Plaintiff's ability to work caused by his depression would be alleviated if Plaintiff discontinued his use of alcohol. Although the ALJ may ultimately determine the depression is not a disabling condition or Plaintiff's alcohol use is responsible for the limitations caused by the depression, the Court here cannot make a determination without a fuller record. As a result, Plaintiff is entitled to a review of his depression claim in accordance with the appropriate procedures. *See* 20 C.F.R. §§ 404.1535(a), (b)(1); §§ 416.935(a), (b)(1); *Brueggemann*, 348 F.3d at 694; *Drapeau*, 255 F.3d at 1214-15; *Bustamante*, 262 F.3d at 955

    **B.**    **Step Two Analysis concerning Depression**

Defendant's second objection is immaterial. The ALJ must determine whether Plaintiff's alcohol abuse contributes to his disabling condition such that, were Plaintiff to stop abusing alcohol,

5

his condition would no longer limit his ability to work. *See* 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). The ALJ's determination that Plaintiff's gout was a disabling condition[5] sheds no light as to whether his depression placed limitations on his ability to work, what those limitations were, or whether those limitations would not exist if Plaintiff refrained from using alcohol. To make such determinations, the ALJ must first determine whether Plaintiff's depression constitutes "a severe medically determinable physical or mental impairment." *See* 20 C.F.R. § 1520(a)(ii). The ALJ failed to do so here.

## IV. CONCLUSION

In accordance with the foregoing analysis, this Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, conclusions of law, and recommendations (Court File No. 22) pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), and accordingly will **GRANT** Plaintiff's motion for judgment on the pleadings (Court File No. 16), will **DENY** Defendant's motion for summary judgment (Court File No. 20), and will **REVERSE** and **REMAND** the Commissioner's decision denying benefits to Plaintiff.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[5]Plaintiff's claim based upon gout was ultimately denied, and that denial is not in dispute here (Court File No. 22, p. 6).

6